# WHEELING.

## STATE *v.* SPARKS.

Submitted June 14, 1887.—Decided June 29, 1887.

INDICTMENT—SUFFICIENCY—STATUTORY OFFENCE.

An indictment under our statute (section 14, c. 145, Code ), which charges the accused with the larceny of " one gelding horse, of the *price* of $100," instead of one gelding horse of the *value* of $100, according to the words of the statute, is sufficient. The word "price," as used here, is equivalent to the word " value," used in that statute.

*H. C. Flesher* for plaintiff in error.

*Alfred Caldwell, Attorney-General,* for the State.

SNYDER, JUDGE:

Edward Sparks was indicted in the Circuit Court of Roane county at the November term, 1885, for the larceny of " one gelding horse of the price of one hundred dollars of the goods and chattels of one Marion Thompson." The defendant was tried by a jury, found guilty, and sentenced by the court to two years' imprisonment in the penitentiary. There was a demurrer to the indictment, a motion in arrest of judgment, and also a motion for a new trial. The defendant obtained this writ of error. The only question presented by the record is whether or not the use of the word " price " in the indictment, instead of the word " value," is a fatal defect in the indictment on demurrer. The language of the statute is : " If a person commit simple larceny of goods or chattels, he shall, if they be of the value of twenty dollars or more, be deemed guilty of grand larceny, and be confined in the penitentiary not less than two nor more than ten years; and, if they be of less value, be deemed guilty of petit larceny, and be confined in jail not exceeding one year. Section 14, ch. 145, Code.

It will be observed, that the statute uses the word " value," and it is contended for the prisoner, that " price" is not equivalent to " value ; " that, to say " one gelding of the *price* of

$100.00," is no allegation such as will give the accused notice of the charge preferred against him. The attorney general, with commendable industry and research, has furnished us with much curious information in regard to the uses of the words "price" and "value," found in the black-letter literature of the law, and the early precedents of indictments for larceny; the result of which is, that, if the larceny be alleged of anything, the indictment must set down the price or value, in order that it may appear whether it be grand or petit larceny. When the theft is charged in the indictment for a living thing, as a horse or sheep, the regular way is to say *pretii.* 5 Saund. & C. If it be of a dead thing that is estimated in the indictment by weight or measure, there also it ought to be *pretii ;* and so it may be if it be of any single thing, though dead, and not estimated by weight or measure. But if it be dead things in the plural number, then it ought to be *ad valentiam.* Lamb. 497; Cow. Law Dict. tits. "Value," "Valentia;" 5 Bac. Abr. 77; 15 Vin. Abr. 385, 386; 2 Hawk, P. C. § 75, ch. 25; Bouv. Law Dict. "Price."

Referring to the above distinction in these words, Lord Hale says: " But this I take to be but clerkship, and not substantial; for if ' *pretii*' be set instead of '*ad valenciam*' or *e converso,* I think it doth not vitiate the indictment; and so it is if one *pretii* or *ad valenciam* be added to several things, where, in true clerkship, it should be applied severally. It is good if the party be convicted of all; but possibly, if the party be convicted but of part, it is not good, because it will be uncertain whether grand or petit larceny." 2 Hale, P. C. 183; *Brafford* v. *Ventres,* Noy, 115; No. 23, Car. I.

An indictment for stealing a horse need not state that it is a *live* horse; for, upon a general averment, that a party stole the animal, it is intended he stole it alive. 3 Chit. Crim. Law 947; *Com.* v. *Beaman,* 8 Gray 497; Whart. Crim. Pl. & Pr. § 209.

In 3 Chit. Crim. Law, pp. 977, 979, 980, 981, precedents for indictments for the larceny of live animals are given, in which the word "price" is used instead of the word "value;" and in form No. 8, warrant for horse-stealing, given in Mayo's

Guide, the word "price" is used for "value." All the lex-icographers, both law and general, so far as I have been able to discover, in certain instances, gives the words "value" and "price" as convertible and synonymous. In the sense used in the indictment before us, I think these words, if not synonymous, are certainly the equivalent of each other. It is well settled by the decisions of this State, that when the indictment uses language or words which are the equivalent of those in the statute it is sufficient. It would certainly have given the accused no more definite notice of the charge against him if the indictment had said the *value* of the horse was $100.00, instead of saying the *price* of the horse was $100.00. The thing stolen was the horse, and the value or price was immaterial, so far as it concerns the giving of notice to the accused of the offence charged, and is material only as to the punishment he shall suffer. It seems to me it would be a reproach to the law, as well to common sense, to hold that the substitution of the word "price" for "value" was fatal to this indictment. I am very clearly of opinion that these words, in the sense they are here employed, are convertible, and that "price" in this indictment is equivalent to "value" in the statute.

For these reasons the jugment of the Circuit Court is affirmed.

AFFIRMED.